FILED

NOT FOR PUBLICATION

DEC 22 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID WAYNE WILSON, | No. 09-15953 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-02904-WBS-GGH |
| v. | |
| DIRECTOR OF ADULT INSTITUTIONS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE, and THOMAS, Circuit Judges.

California state prisoner David Wayne Wilson appeals pro se from the

district court's judgment dismissing without prejudice his constitutional and

statutory claims stemming from his inability to watch educational programming on

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

television while housed in administrative segregation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision to dismiss Wilson's complaint under 28 U.S.C. § 1915A, *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir. 2003), and we affirm.

The district court properly dismissed Wilson's Eighth Amendment claim because the lack of educational television programs, standing alone, does not amount to deliberate indifference. *See Hoptowit v. Ray*, 682 F.2d 1237, 1254 (9th Cir. 1982) ("Idleness and the lack of programs are not Eighth Amendment violations."), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

The district court also properly dismissed Wilson's claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). Wilson failed to allege that he was denied access to educational programming because of a disability or that he was unable to access the programming because of the disparate impact of a facially neutral policy. *See Simmons v. Navajo County*, 609 F.3d 1011, 1021 (9th Cir. 2010) (ADA claim failed because pretrial detainee was not excluded from outdoor recreation because of disability); *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (plaintiff must allege that

he was denied access to programming solely because of a disability to state an RA claim).

Wilson's remaining contentions are unpersuasive.

We deny Wilson's motion under Fed. R. App. P. 15 as moot.

**AFFIRMED.**